IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Omeka Samuel, | ) | C. A. No. 2:09-3352-HFF-RSC |
|---|---|---|
| Plaintiff, | ) | |
| -versus- | ) | **REPORT AND RECOMMENDATION** |
| South Carolina Department of Corrections, South Carolina Commission for the Blind and David Green, | ) | |
| Defendants. | ) | |

This civil rights action pursuant to 42 U.S.C. § 1983[1], brought by a former state prisoner represented by counsel with appended claims under the South Carolina Tort Claims Act is before the undersigned United States Magistrate Judge for a report and recommendation on the Defendants' South Carolina Department of Corrections (SCDC), and the South Carolina Commission for the Blind (SCCB) motions to dismiss the action. 28 U.S.C. § 636(b).

---

[1] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of Section 1983, titled a civil action for deprivation of rights reads in relevant portion: the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

The plaintiff, Omeka Samuel, filed suit on December 29, 2009, against the SCDC, the SCCB, and David Green, an employee of the SCCB, and alleged that she was repeatedly sexually assaulted by Green while she was working at the SCCB on assignment from SCDC where she was incarcerated.

She brought the following causes of action:

    1) Gross negligence in the supervision of Samuel by SCDC;

    2) Gross negligence in the investigation and discipline of agent Green by SCDC and the SCCB; and

    3) § 1983 Fourteenth Amendment violation by Green and by SCDC.

    4) Battery against Green and the SCCB.

The defendants timely answered. On March 5, 2010, SCCB filed a motion to dismiss all claims against it and the plaintiff responded on March 24, 2010, and indicated that she agreed that SCCB should be dismissed from the action. SCDC filed its motion to dismiss on March 26, 2010, and the plaintiff on April 13, 2010, likewise responded that SCDC should be dismissed. Defendant Green indicated that he had no objection to the dismissals.

Based upon the motions to dismiss and on consent of the plaintiff without objection from the remaining defendant, it is recommended that the SCCB and SCDC be dismissed without prejudice.

## **CONCLUSION**

Accordingly, for the aforementioned reasons, it is recommended that Defendants SCCB and SCDC be dismissed from the action without prejudice.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
~~July~~ August **3**, 2010

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within **fourteen (14) days** of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).